## No. 10,235.

### SULLIVITCH *v.* THE PEOPLE.

Decided May 1, 1922.

Plaintiff in error was convicted of a violation of the prohibition act.

### *Affirmed.*

1. INTOXICATING LIQUORS—*Search and Seizure—Home.* The evidence disclosed that there was nothing in the basement of a dwelling-house except a vat of "mash", an empty tank and some kegs. Held that there was nothing to show that it was used for the ordinary purposes of a cellar in connection with a home, which would make it exempt from search without a warrant under the provisions of section 13, chapter 141, S. L. 1909.

2. APPEAL AND ERROR—*Findings.* Fact findings by the trial court, justified by the evidence, will not be disturbed on review.

3. *Judgment—Deficient Abstract—Presumption.* It nowhere appearing in the abstract of record that it contains all of the evidence before the jury, all presumptions are in favor of the verdict and judgment, which will not be disturbed on review.

*Error to the District Court of Mesa County, Hon. Straud M. Logan, Judge.*

Mr. M. D. VINCENT, Mr. C. T. VINCENT, for plaintiff in error.

Mr. Victor E. Keyes, attorney general, Mr. Charles R. Conlee, assistant, for the people.

*Department One.*

Mr. Justice Teller delivered the opinion of the court.

Plaintiff in error was convicted of having in his possession intoxicating liquors, he having previously been convicted of unlawfully manufacturing intoxicating liquors for sale or gift. He brings error and contends that the court erred in admitting evidence found and seized in an unlawful search in his house and home; that the testimony of the sheriff and deputy sheriff based upon knowledge obtained by unlawful entry and search and seizure is incompetent, and that the evidence does not support the verdict.

Prior to the trial plaintiff in error filed a petition in the district court asking for an order upon the sheriff to return to the petitioner such personal effects as he had seized and carried away upon a search of the plaintiff's premises without a warrant. From the abstract of record, it is impossible to determine what this personal property was, except by inference from some general statements. It appears, however, to have been either wine or whisky, perhaps both.

Reference is made in the testimony to "mash" in the basement under the room occupied by defendant as a residence; also to wine making. From a statement of the case by counsel for plaintiff in error, it appears that grapes, or grape juice in the process of fermentation, and a small quantity of wine were found in the cellar. There is no evidence that there was anything in this basement except a vat of "mash," an empty tank, and some kegs. There is nothing to show that it was used for the ordinary purposes of a cellar in connection with a dwelling house. It appears, then, that the trial court was justified in finding that it was not a part of the home, but was in effect a wine-shop. At all events, there is nothing before us which would justify us in disregarding the court's findings.

By section 13 of chapter 141, Laws of 1919, it is provided that a sheriff or other officer "having personal knowledge, or reasonable information, that intoxicating liquors have been kept in violation of law in any place (except a home as in section 4 provided) shall search such suspected place without a warrant, etc."

Under the findings of the trial court, a part, at least, of the evidence whose competency is questioned, was taken from a place in which the sheriff might lawfully make search without a warrant, he having reasonable information that intoxicating liquors were kept in such place. As to liquor taken from the place occupied as a residence, if any of it was offered in evidence, that fact is not made to appear in the abstract of the record. Counsel's principal contention is that, the search being made without a warrant, any evidence found was incompetent, the return of such evidence having been seasonably demanded. In this record it not appearing that such evidence was admitted, the question discussed is not before us. The presumptions all being in favor of the judgment, and it no where appearing in the abstract that it contains all of the evidence before the jury, the verdict and judgment must stand.

The judgment is accordingly affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.